## B. F. DUNAVAN *vs.* J. W. FLYNN.

Worcester. October 7. — 12, 1875. WELLS & AMES, JJ., absent.

In an action to recover for work and labor, the defendant, in his answer, alleged payment, and at the trial offered an order drawn upon him by the plaintiff for the payment to bearer of the sum sued for. The order was delivered by the plaintiff to a third person, who presented it to the defendant and left it in his possession upon his promise to pay it in three or four days, and did not afterwards call for payment. The defendant, in cross-examination, testified that, after the departure of the bearer of the order, he wrote the following words, which appeared thereon over his signature: " Acted June 30, 1874; " that he intended those words for an

acceptance in writing, and that he did not think his liability to pay the order com-
menced until after he had written his name on the order. The jury were instructed
that "if the defendant did not verbally or in writing accept the order when pre-
sented, but, the order being left with him, he afterwards wrote the acceptance upon
it, but did not, after such acceptance, inform either the drawer or the bearer of
the fact, but retained that order in his custody, this would not operate as payment
of the plaintiff's claim against him." *Held*, that the jury, who returned a verdict
for the plaintiff, were warranted in finding that there was no oral acceptance of the
order by the defendant, and that the instructions were correct.

CONTRACT to recover $9 on an account annexed for work and labor. The answer of the defendant contained a general denial and alleged payment. Trial in the Central District Court of Worcester, the judge of which allowed a bill of exceptions in substance as follows :

At the trial, the defendant offered the following order, signed by the plaintiff, drawn on the defendant, and payable to bearer, and dated Worcester, June 27 : " Please to pay the bearer 9 dollars due to me for work; this woman is my boarding boss and oblige yours," &c. Below were written the words, " Acted June 30th, 1874," over the defendant's signature. It appeared in evidence, and was not contradicted, that the bearer of the order was Mrs. Cronan ; that the order was delivered to her by the plaintiff ; that upon the receipt of the order, Mrs. Cronan presented it to the defendant and left the order in the defendant's possession ; that the defendant said that he could not pay it then, but that if she could give him three or four days he would pay it ; that she gave the defendant the three or four days, and the order was left in the defendant's possession, and there remains, and she never called upon the defendant for payment afterwards. The defendant testified substantially the same, and, upon cross-examination, testified that after the departure of Mrs. Cronan he wrote the words, " Acted June 30th, 1874, J. W. Flynn," upon the face of the order ; that he wrote that to make him pay it to Mrs. Cronan ; that he intended the words written on the face of the order for an acceptance in writing. On cross-examination, the defendant, in answer to the plaintiff's counsel, said that he did not think his liability to pay the order commenced until after he had written ten his name on the order.

The judge, against the objection of the defendant, instructed the jury : " If the defendant did not verbally, or in writing, ac-

cept the order when presented, but, the order being left with him, he afterwards wrote the acceptance upon it, but did not after such acceptance inform either the drawer or Mrs. Cronan of the fact, but retained the order in his custody, this would not operate as payment of the plaintiff's claim against him."

The jury returned a verdict for the plaintiff ; and the defendant alleged exceptions.

In the Superior Court the instructions were affirmed, and the defendant entered the exceptions in this court.

*M. J. McCafferty*, for the plaintiff.

*F. T. Blackmer*, for the defendant.

GRAY, C. J. An acceptance of a bill of exchange, or draft for the payment of money, may be oral, or may be implied from acts, such as detention for a long time, contrary to the usage of the parties and under such circumstances as to give credit to the bill. *Storer* v. *Logan*, 9 Mass. 55, 60. *Pierce* v. *Kittredge*, 115 Mass. 374. *Hough* v. *Loring*, 24 Pick. 254, 257. 3 Kent Com. (12th ed.) 85.

But in the case before us, the jury have found that there was no oral acceptance, and were warranted in so doing, for although the testimony of the defendant and of the holder of the bill, tending to prove such acceptance, is stated in the bill of exceptions not to have been contradicted, the jury were not obliged to believe it. Allowing the utmost weight to all the evidence, there was nothing to show that the detention of the bill by the defendant was contrary to the usual course of dealing between the parties, (for it did not appear that they had had any other dealings,) or that the defendant was under any obligation to return the bill to the holder, or detained it for any other reason except that she did not call for it. . Under these circumstances, it was rightly held that the mere writing of the acceptance upon the bill, not communicated to the drawer or holder, and the detention of the bill in the defendant's custody, did not bind him, or operate as a payment of his debt to the drawer. *Clavey* v. *Dolbin*, Cas. temp. Hardw. 278. *Jeune* v. *Ward*, 2 Stark. 326 ; *S: C.* 1 B. & Ald. 653. *Mason* v. *Barff*, 2 B. & Ald. 26. *Cox* v. *Troy*, 5 B. & Ald. 474; *S. C.* 1 Dowl. & Ryl. 38. *Overman* v. *Hoboken City Bank*, 1 Vroom, 61, and 2 Vroom, 563. *Exceptions overruled.*