GEORGE M. COOK & others *vs.* HENRY BALDWIN.

Suffolk. March 16. — May 6, 1876. AMES & MORTON, JJ., absent.

The words "I take notice of the above," written and signed upon an unnegotiable bill of exchange by the drawee, do not of themselves necessarily import an acceptance of it, and parol evidence of a refusal to accept by the drawee, at the time of its presentation, is admissible.

A part payment by the drawee of a bill of exchange is not such a recognition of his obligation as will, as matter of law, bind him to pay the remainder.

CONTRACT on five drafts, payable to the plaintiffs, drawn on the defendant and alleged to have been accepted by him. Trial in the Superior Court, before *Pitman*, J., without a jury, who allowed a bill of exceptions in substance as follows :

The plaintiffs introduced evidence tending to show that the defendant wrote the following words on four of the drafts: " I take notice of the above, Henry Baldwin ; " and, on one of these drafts, for $600, subsequently made a partial payment of $400 ; that these orders were drawn on the defendant by certain debtors of the plaintiffs in their favor, to pay them for building materials by them furnished to said debtors, with which to build four brick dwelling-houses, one on each of four lots of land in Linwood Street, in Boston ; that before any of the orders were drawn, one of the debtors made four several mortgages, one on each of said lots of land, and each to secure said debtors' note to the defendant for the sum of $6000, for the purpose of raising money to pay for said land and building said dwelling-houses, which the defendant contested ; that the defendant retained the entire consideration for the mortgage notes in his own control, and afterwards made payments for the land, and for labor and materials for erecting the dwelling-houses thereon ; and that, at the time the orders were respectively drawn and presented to

him, he had a sufficient sum remaining in his control from the consideration of said mortgages to pay the orders in full, according to their terms; and that the work on said houses was carried forward, so that all of said orders would average due on or about September 15, 1872, if the defendant was liable thereon.

The plaintiffs put in other parol evidence; and the defendant put in parol evidence tending to show that he declined to accept or to become bound to pay the plaintiffs.

The plaintiffs asked the judge to rule that the writing of the words on these orders by the defendant was a valid and legal acceptance of the same by him, and rendered him liable to pay the same; and also that writing the words on the order for $600, and subsequently paying a portion of the same, constituted a valid and legal acceptance of that order, and rendered the defendant liable to pay the remainder of the same.

The judge refused so to rule, but held that these words, written on the orders, and the acts of the defendant, did not, in law, amount to an acceptance of either of the orders, or render the defendant liable to pay the same or any part thereof, but that these acts were only pieces of evidence; and, upon the whole evidence, found no acceptance proved, and found for the defendant. The plaintiffs alleged exceptions.

*L. Mason*, for the plaintiffs.

*H. L. Hazelton*, for the defendant.

DEVENS, J. The whole of the facts, upon which the Superior Court has found that there was no acceptance of the orders, upon which this suit is brought, are not before us, so that even if, when all the facts are found, it is a question of law for the court whether they prove an acceptance, the question is here only whether the writing of the words " I take notice of the above " constitutes in itself such complete proof of acceptance that it was not competent for the Superior Court to find otherwise.

These orders may legally be defined as inland bills of exchange, for, although not negotiable, they have all the necessary parties to such instruments : a drawer, drawee and payee. *Wells* v. *Brigham*, 6 Cush. 6. An acceptance of a bill of exchange may be by an oral promise to pay it as well as a written one, or by such language and conduct on the part of the drawee, when it is presented to him, as justifies the payee in believing that he

consents to pay it. *Grant* v. *Shaw*, 16 Mass. 341. *Ward* v. *Allen*, 2 Met. 53. *Wells* v. *Brigham, ubi supra. Dunavan* v. *Flynn*, 118 Mass. 537. The St. of 1 & 2 Geo. IV. *c.* 78, which provides that no acceptance of inland bills of exchange shall be sufficient to charge any person unless the same is in writing, has been followed by similar legislation in some of the states of the Union. *Spear* v. *Pratt*, 2 Hill, 582. No such provisions have, however, been incorporated into the laws of this Commonwealth.

As an oral acceptance may be shown, it follows that an oral refusal may also be shown, when all that has taken place between the parties is oral. And when that which is written upon the bill does not by its terms necessarily import an acceptance, the party sought to be charged should be permitted to show all that was then said and done, in order that it may be determined, from the whole evidence, whether he assented to the request of the bill. The words written upon the bill are a recognition only that the bill has been presented for acceptance; they are not inconsistent with a positive refusal to accept or to become bound to pay the plaintiffs, of which refusal, according to the facts reported, there was evidence.

In regard to the acceptance of bills of exchange, it has sometimes been said that any words written thereon not putting a direct negative upon the request therein contained, such as "presented," or "seen," or the writing of the drawee's name, constitute *primâ facie* a complete acceptance by the law merchant. Bayley on Bills, (2d Am. ed.) 163. In some cases, it has been left to the jury to determine as a fact whether the words indorsed, according to the custom of merchants, import an acceptance. *Anon.* Comb. 401. *Dufaur* v. *Oxenden*, 1 Mood. & Rob. 90. But even if it be held that the words here written would, if unexplained, be a sufficient acceptance, they may be explained as between the payee and drawee, by showing the circumstances under which they were written and accompanying declarations, not inconsistent with an acknowledgment that the bills had been brought to the drawee's notice. Story on Bills, § 243.

The fact that a payment was made upon one of the bills does not in law bind the party thus paying to pay the remainder. It may have been accompanied by a positive refusal to pay more.

No indorsement of the payment was made by the drawee, and the fact that the drawee made this payment, was simply to be taken in connection with other evidence in determining whether he recognized the bill as one accepted by him and which he was bound to pay.                           *Exceptions overruled.*