CHARLES M. BUGBEE & another *vs.* PAUL H. KENDRICKEN.

Suffolk. Nov. 12, 1880. — Feb. 26, 1881. LORD, SOULE & FIELD, JJ., absent.

If any credit is given to the person to whom goods are delivered, the promise of another to pay for them is collateral, and within the statute of frauds.

CONTRACT upon an account annexed for goods delivered to the firm of Tully Brothers & Walker, upon a promise of the defendant to pay for them, and to accept an order for their amount. Answer: 1. A general denial. 2. The statute of frauds. At the trial in the Superior Court, before *Rockwell,* J., the jury returned a verdict for the plaintiffs; and the defendant alleged exceptions, which appear in the opinion.

*J. H. Burke*, for the defendant.

*J. M. Browne*, for the plaintiffs.

ENDICOTT, J.   The goods for the payment of which the plaintiffs seek to recover in this action were delivered to the firm of Tully Brothers & Walker.   If they were delivered to the firm on the sole credit of the defendant, this action can be maintained on his oral promise to pay for them.   But if the sole credit was given to the firm, or if credit was given both to the defendant and to the firm, then the action cannot be maintained; for the promise to pay, not being in writing, and being in the nature of a promise to pay the debt of another, it falls within the prohibition of the statute of frauds.   Gen. Sts. *c.* 105, § 1.

The defendant requested the judge to instruct the jury that, if any credit was given to the firm, the promise of the defendant was collateral, and must be in writing to be binding.   But this instruction the judge failed to give.   The instruction given upon this point was, that " if the credit was given to Tully Brothers & Walker alone, the statute is a defence, but the plaintiffs say they would not agree to deliver unless the defendant promised to pay."   But this does not cover the defendant's request; for the plaintiffs may have refused to deliver without the defendant's promise to pay, and at the same time have given credit to the firm and looked to it for payment as well as to the defendant.

The jury were not instructed that the defendant's promise might be collateral in case any credit was given to the firm, although the plaintiffs also gave credit to the defendant.   The case is not to be distinguished from *Swift* v. *Pierce*, 13 Allen, 136.

*Exceptions sustained.*