DANIEL O'CONNELL, JR. & others *vs.* MOUNT HOLYOKE
COLLEGE.

Hampden.    September 26, 1899. — November 27, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Order for Payment of Money — Oral Promise — Statute of Frauds.*

If any credit is given to the person to whom goods are delivered, the oral promise of another to pay for them is collateral and within the statute of frauds.

CONTRACT, to recover a balance due on the following order:

"Holyoke, Mass. Jany. 7th, 1897.

"To A. L. Williston, Esq.,

"Treas. of Mt. Holyoke College.

"I hereby authorize you to pay to Daniel O'Connell's Sons, on the tenth day of each month such sums of money as may become due for all brick delivered during the preceding month. Payments to be made on a basis of seventy-five per cent, as shown by statements presented on the first day of each month. All statements presented shall correspond to the tickets issued and signed by said Auguste Chas. Valadier, showing the amount of brick delivered. The final payment for all brick delivered to be paid within thirty days (30) after all the brick required of said Daniel O'Connell's Sons have been delivered.

"Signed in presence of

"John R. Callahan.        Auguste Chas. Valadier."

Trial in the Superior Court, before *Maynard*, J., who, at the close of the plaintiffs' case, ruled that the plaintiffs could not recover; and they alleged exceptions, which appear in the opinion.

*T. D. O'Brien*, for the plaintiffs.

*W. G. Bassett*, for the defendant.

KNOWLTON, J. The principal question in this case is whether the defendant bound itself by an oral acceptance or promise to pay in accordance with the terms of the order or authorization delivered to the plaintiffs by Valadier. It appears that Williston, the defendant's treasurer, wrote to the plaintiffs when the order was received, saying that the defendant's representatives did not accept orders, but promised in his letter to place this one on file, and to pay upon it so long as it seemed to them reasonable and expedient so to do. Thereupon one of the plaintiffs, accompanied by his attorney, visited Williston and endeavored to obtain from him an unqualified acceptance of the order. The plaintiffs admit that on this occasion Williston absolutely refused to give an acceptance in writing, but contend that he accepted the order orally. If we assume in favor of the plaintiffs, without deciding, that there was evidence from which the jury might have found an absolute oral promise to pay in accordance with the terms of the order, and assume also that their case is made

out in all other particulars, we come to the question whether an oral promise would be binding under the statute of frauds.

It has often been held that an oral acceptance of a bill of exchange is valid. *Pierce* v. *Kittredge,* 115 Mass. 374. *Dunavan* v. *Flynn,* 118 Mass. 537. *Cook* v. *Baldwin,* 120 Mass. 317. *Fisher* v. *Beckwith,* 19 Vt. 31. *Spaulding* v. *Andrews,* 48 Penn. St. 411. 4 Am. & Eng. Encyc. of Law, (2d ed.) 219. It seems that this rule applies equally to an oral acceptance or promise to pay made for a valuable consideration upon an order for the payment of money, which by reason of uncertainty as to the time or amount of the payment, or of other contingencies, is not technically a bill of exchange. See *Grant* v. *Wood,* 12 Gray, 220 ; *Eastern Railroad* v. *Benedict,* 15 Gray, 289 ; *Washburn* v. *Cordis,* 15 Pick. 53; *Parkhurst* v. *Dickerson,* 21 Pick. 307 ; *Cook* v. *Wolfendale,* 105 Mass. 401. But this general doctrine applies only to bills of exchange and orders which are not, in reference to the purposes for which they are given, such contracts as are required to be in writing under the statute of frauds.

In the present case the question is whether the promise of Williston, if he orally accepted the order, was a promise to pay the debt of Valadier, as distinguished from the original undertaking. An examination of the papers, in connection with the undisputed facts, furnishes an answer to the question. The order or authorization is to pay to the plaintiffs on the tenth day of each month " such sums of money as may become due for all brick delivered during the preceding month." It was made in connection with a contract in writing under which the plaintiffs were to furnish brick to Valadier and he was to pay for them. The expression, " such sums of money as may become due for all brick delivered during the preceding month," can have no meaning except as a recognition of a contract under which money would continue to become due from Valadier to the plaintiffs from month to month in the future. The later provisions of the order in regard to payment follow exactly the provisions of the original contract between Valadier and the plaintiffs. The writings themselves show that Valadier was to be the principal debtor for the brick, and that the order was given as security for the payment of his debt. The subsequent promise of the defendant to pay, if there was such a promise, was nothing more

than a promise to pay Valadier's debt according to the terms of his contract with the plaintiffs. The evidence in regard to the negotiations with Williston is in harmony with this view of the relations of the parties. There is no evidence in the case that would warrant a finding that the brick were to be delivered on the sole credit of the defendant. But inasmuch as the debt was primarily Valadier's, if his liability continued and the brick were not delivered solely on the credit of the defendant, the promise is within the statute of frauds. In this particular the case is not distinguishable from *Bugbee* v. *Kendricken*, 130 Mass. 437, and *Swift* v. *Pierce*, 13 Allen, 136.

There is no evidence in the case of any new consideration moving to the defendant from the plaintiffs, such as to make the promise of the defendant an original undertaking standing independently of Valadier's liability, so that the plaintiffs could look to either or both of them, within the principles stated in *Furbish* v. *Goodnow*, 98 Mass. 296, *Nelson* v. *Boynton*, 3 Met. 396, and *Curtis* v. *Brown*, 5 Cush. 488. Upon the undisputed facts the promise relied on by the plaintiffs was within the statute of frauds.

In this view of the case the offer of the plaintiffs to show the circumstances under which they brought the suit in the District Court and the reason why they were nonsuited was immaterial.

*Exceptions overruled.*