WILLIAM C. MILES & another *vs.* DANIEL J. DRISCOLL.

Suffolk. January 15, 1909. — February 27, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Frauds, Statute of.*

An oral promise by the owner of a house in process of construction to accept and pay an order in writing for the price of materials for the house drawn upon him by a contractor, who has agreed to build the house and has made a contract to purchase the materials from the payee of the order, which still is in force, is a promise to answer for the debt of another within R. L. c. 74, § 1, cl. 2, which cannot be enforced if that statute is pleaded.

CONTRACT. Writ dated February 18, 1908.

The declaration, as twice amended, alleged that in the summer of 1907 the defendant made a contract with one Crockwell by which Crockwell agreed to build a house for the defendant, and that Crockwell made a contract with the plaintiffs to supply him with inside finish and flooring for the house at a contract price of $480 as agreed upon; that on or about the twelfth day of November the defendant, being informed that the plaintiffs desired greater security for their account than the credit of Crockwell, and being desirous that the plaintiffs should make prompt delivery of the materials at the house, made an oral agreement with the plaintiffs that in consideration of the plaintiffs obtaining and sending to him a written order or orders payable to the plaintiffs signed by Crockwell on the defendant for the amount of the bill for inside finish and flooring, to wit, $480,

the defendant would accept and pay the written order or orders according to their terms; that the plaintiffs did obtain written orders signed by Crockwell on the defendant payable to the plaintiffs in the sum of $480, and mailed them postpaid to the defendant who received them, and that in reliance upon the agreement of the defendant the plaintiffs made prompt delivery of the inside finish and flooring, but that the defendant neglected and refused to accept or pay the orders, although requested to do so, and that the plaintiffs received no payment on account of the inside finish and flooring from any other person. Copies of the orders were annexed to the declaration by the second amendment.

The defendant demurred to the amended declaration, and alleged as causes of demurrer the following:

" 1. The declaration sets forth an oral promise on the part of the defendant to pay the debt of another, contrary to R. L. c. 74, § 1.

" 2. The declaration sets forth an oral promise by this defendant to accept a bill or order, contrary to R. L. c. 73, § 149."

In the Superior Court the case was heard by *De Courcy*, J., who sustained the demurrer. Judgment was entered for the defendant; and the plaintiffs appealed.

The case was submitted on briefs.

*R. D. Ware*, for the plaintiffs.

*L. L. Green*, for the defendant.

HAMMOND, J.  The declaration sets out that the plaintiffs " desired greater security for their account than the credit of " Crockwell, with whom they had made a contract to supply the inside finish and flooring for the defendant's house. They were still to hold Crockwell. There was no novation, as in cases like *Griffin* v. *Cunningham*, 183 Mass. 505. The real contract, therefore, set out in the declaration was an oral contract to pay the debt of another, and was within the statute of frauds. *O' Connell* v. *Mount Holyoke College*, 174 Mass. 511, and cases cited.

*Judgment affirmed.*