### CHARLES K. BARKER *vs.* CARRIE D. THAYER.

Middlesex.    November 14, 1913. — February 27, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Contract,* What constitutes, Consideration.  *Husband and Wife.  Frauds, Statute of.*

An oral promise of a widow to pay a bill for plumbing work furnished during the lifetime of her husband under an express contract with him for a house which then belonged to the promisor's mother and in which after her husband's death she acquired an interest upon the death of her mother, cannot be enforced, because it is without consideration and also because it is an oral promise to answer for the debt of another which under R. L. c. 74, § 1, cl. 2, cannot be proved without a memorandum signed by the party to be charged.

CONTRACT against the widow of Clarence Thayer, who died on June 6, 1903, to recover the price of work and materials furnished in plumbing work done from March 24 to April 14, 1903, in a house belonging to the mother of the defendant who died on May 12, 1905, leaving the house to the defendant and a sister of the defendant upon certain terms and conditions.  Writ dated March 18, 1909.

The answer contained a general denial and a plea of the statute of limitations, and by an amendment alleged that the debt set forth in the declaration was the debt of another and that, if the defendant ever promised to pay it, such promise was not evidenced by any writing signed by the defendant as required by the statute of frauds.

In the Superior Court the case was tried before *White,* J., who at the close of the evidence, which is described in the opinion, ordered a verdict for the defendant.  The plaintiff alleged exceptions.

*W. R. Bigelow,* for the plaintiff.

*R. C. Mulligan,* for the defendant.

DE COURCY, J. The plaintiff seeks to recover from the defendant for plumbing work.  It is undisputed that $165 of the bill is for bathroom fixtures that were supplied in 1903 under an express contract with the defendant's husband, and were installed in the

tenement hired and occupied by him. The entire account in suit was treated as one bill and was charged on the books to the husband, Clarence Thayer, who was a business man and considered financially sound by the plaintiff. The plaintiff, in his testimony, admitted that he looked to Clarence Thayer for payment, and never spoke to the defendant about the bill until some months after her husband's death. It appears that the house in which the work was done was then owned by Mrs. Howe, the defendant's mother, whose family occupied the lower tenement; and that the defendant has since acquired an interest in the property by the will of her mother, who died in May, 1905. But she had no interest, legal or equitable, in the property when the plaintiff did the work for which he seeks to hold her answerable.

Clearly the defendant was not liable under the original contract. *O'Conner* v. *Hurley*, 147 Mass. 145. And the plaintiff cannot avail himself of the doctrine of an implied promise to pay, such as may be inferred where a husband as his wife's agent procures valuable materials and services for her real estate. Cases like *Reid* v. *Miller*, 205 Mass. 80, cited by the plaintiff have no application under the facts shown here.

There was some evidence that after her husband's death the defendant said she would pay the plaintiff's bill. But as she was not legally liable for the original debt, such subsequent promise to pay it cannot be enforced against her. As she contends, it was without consideration, and, further, being an oral promise to pay the debt of another, it falls within the defense of the statute of frauds. *Massachusetts Mutual Life Ins. Co.* v. *Green*, 185 Mass. 306. R. L. c. 74. *O'Connell* v. *Mount Holyoke College*, 174 Mass. 511. The entry must be

*Exceptions overruled.*