ISRAEL RIBOCK *v.* CARL CANNER & another.

Suffolk.   March 4, 1914. — May 22, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Frauds, Statute of.*

An oral promise, made to a contractor for the mason work of certain houses by the mortgagee under a construction mortgage upon the property, that, if the contractor will go on with his work under his contract with the builder, the mortgagee will pay him the amounts that become due to him under this contract, is a promise to answer for the debt of another under R. L. c. 74, § 1, cl. 2, on which the contractor can maintain no action against the mortgagee, if the defense of the statute of frauds is set up in the answer. In such an attempted action it does not help the plaintiff to prove that there was a valuable consideration for the defendant's promise or to show that the defendant made payments from time to time in part performance of his oral promise.

CONTRACT for $1,050 alleged to be due to the plaintiff, who was a contractor for mason work, from two defendants, Canner

and Levin, who were copartners engaged in the business of lending money on construction mortgages. Writ in the Municipal Court of the City of Boston dated May 10, 1912.

The answer as amended contained a general denial and set forth that the alleged contract of the defendants was a contract to answer for the debt, default and misdoings of another and that there was no contract or memorandum thereof in writing signed by the defendants or either of them or any person thereunto by them lawfully authorized.

On appeal to the Superior Court the case was tried before *Hitchcock,* J. At the close of the evidence, which is described in the opinion, both defendants asked the judge to rule that the plaintiff was not entitled to recover against them and the defendant Levin also separately asked for a ruling that there was no evidence to warrant a verdict against him.

The judge refused to make either of these rulings, and submitted the case to the jury, who returned a verdict against both defendants in the sum of $1,050. The defendants jointly, and also the defendant Levin separately, alleged exceptions.

*E. Greenhood,* for the defendants.

*A. A. Ginzberg,* (*M. Tobey* with him,) for the plaintiff.

SHELDON, J. The plaintiff had begun to do work upon three houses which Hoffman and Potick (hereinafter called the builders) were erecting in Chelsea; and for this work the builders by a written contract had promised to pay the plaintiff the sum of $5,150. The defendants had taken from the builders a construction mortgage upon the property for more than $13,000, which sum they were to advance to the builders in instalments as the work progressed. When only a small part of his work had been done, the plaintiff became suspicious of the financial responsibility of the builders, and refused to go on unless they would give him a written order upon the defendants to pay him for his work out of the advances to be made by the defendants on the mortgage. The builders gave him such an order, and he presented it to the defendant Canner for acceptance. Canner refused to accept the order, but in substance, according to the testimony of the plaintiff, which must have been followed by the jury, told the plaintiff to "go ahead with the job," and he would pay him the money; that the plaintiff should have nothing

"to do with them builders," but that the plaintiff, whenever he was "ready by his paper," should come up with a notice, and he would give the plaintiff a check. This plainly meant that when money became due to the plaintiff by his contract with the builders, Canner would pay him whatever was so due. There was not by any fair construction of the language used a new and independent agreement between Canner and the plaintiff that the plaintiff should go on and do the work upon Canner's credit and that Canner should pay for it, as in *Abbott* v. *Doane,* 163 Mass. 433, and other cases relied on by the plaintiff. On the contrary, the contract between the plaintiff and the builders remained in full force; the amounts to become due to the plaintiff were fixed by that contract, and the liability of the builders to the plaintiff was wholly unaffected. Canner's promise was merely an oral promise to pay to the plaintiff what should become due to him from the builders, and as such came within the statute of frauds. R. L. c. 74, § 1, cl. 2. That defense was set up in the answer. It was a bar to any action upon the promise, even though it could be found that there was a valuable consideration therefor. *Tileston* v. *Nettleton,* 6 Pick. 509. *Loomis* v. *Newhall,* 15 Pick. 159, 169. *Ames* v. *Foster,* 106 Mass. 400. *O'Connell* v. *Mount Holyoke College,* 174 Mass. 511, 513. *Miles* v. *Driscoll,* 201 Mass. 318.

The payments made afterwards from time to time by Canner to the plaintiff, in part performance of his oral promise, have no bearing upon this question.

As Canner's promise will not support any action, we need not consider whether the other defendant in any event could have been held thereon.

The case appears to have been fully tried. It comes within the terms of St. 1909, c. 236. The defendants' exceptions must be sustained and judgment must be entered in their favor.

*So ordered.*