CHARLES I. ALEXANDER & others *vs.* PERCIVAL DOVE.
JAMES H. BRIDE & another *vs.* SAME.
EPHRAIM A. PEABODY & another *vs.* SAME.

Essex.   October 16, 1918. — November 27, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Frauds, Statute of.   Guarantor.   Contract,* What constitutes.

In an action for work, labor and materials performed and furnished on a building, where the statute of frauds is pleaded and the defence set up is that the work was performed for a corporation which occupied the building, and that the promise sued upon was an oral promise to pay the debt of another, the judge instructed the jury that the plaintiff could recover only upon the theory that the defendant in the first instance agreed to pay for the work, that he bound himself to pay for it directly and that his obligation was not that of a guarantor, and it was *held* that this instruction was correct.

Where work had been done on a building occupied by a corporation, a statement by a minority stockholder in the corporation, who held no office in it, that "he would see that the bill was paid," is not evidence of a new and independent agreement of the stockholder to pay the bill, and, if it were, the agreement would be without consideration.

Where work was required to be done upon a building occupied by a corporation and a person said to a contractor, who was seeking to do a part of the work, "I am not in on this thing now, but I have got some money coming to me and I am going to put some money into it, and if you consider my word worth anything to you, you can go ahead and do the job, and you will get your money," and where the same person said to the contractor, after the work was done, "that he considered the bill a personal obligation and would pay it himself if the company did n't," in an action against this person by the contractor it

can be found that the defendant made a direct agreement to pay for the work which was not a promise to pay the debt of another.

Where work was required to be done upon a building occupied by a corporation and a contractor desiring to do a part of the work talked with a stockholder in the corporation and another person in reference to the work, and they went to the place where the work was to be done, where the stockholder told the contractor what was to be done, and thereafter the contractor saw this stockholder as the work progressed and talked with him about it, and the stockholder "gave directions as to how the work should be done" and "thought cost plus on an alteration job was the best way to do the work, and all agreed," in an action by the contractor against the stockholder, in which these things appeared, it was *held* that there was evidence to warrant the submission to the jury of the question whether the defendant made a direct agreement to pay for the work which was not a promise to pay the debt of another.

THREE ACTIONS OF CONTRACT against the same defendant, each for work done and materials furnished at the alleged request of the defendant. Writs dated March 26, 1915.

In each of the cases the defendant's answer, besides a general denial and an allegation of payment, contained the following: "And further answering, the defendant says that the claim set forth in the plaintiffs' declaration is a claim against a corporation known as the Wonderland Amusement Company for labor and materials furnished to said Wonderland Amusement Company upon its own orders and at its request, and that the plaintiffs' attempt to charge him with liability for the claim set forth in the plaintiffs' declaration is an attempt to charge the defendant for the default or misdoing of another, which, not being in writing, signed by the defendant or by someone in his behalf, thereto duly authorized, is void under the statute of frauds of this Commonwealth; and that the defendant was not an officer or director in said Wonderland Amusement Company and had no control over its acts, directly or indirectly."

In the Superior Court the three cases were tried together before *McLaughlin,* J. It appeared that the work and materials were performed and furnished under each of the three contracts upon a building on the easterly side of Broadway in Lawrence known as the Arlington Co-operative Association Building, which was leased to the Wonderland Amusement Company, a corporation, organized under the laws of this Commonwealth for operating a moving picture theatre. The defendant owned one hundred and fifty shares of the capital stock of this corporation of the par value

of $10 each, the total capital stock being $10,000. The material evidence in each of the cases is described in the opinion, where also are described the rulings requested by the defendant which were refused by the judge.

The judge submitted the cases to the jury, who returned a verdict for the plaintiffs in each of the three cases, in the case of Alexander and others in the sum of $643.70, in the case of Bride and another in the sum of $696.90 and in the case of Peabody and another in the sum of $1,828.10. The defendant alleged exceptions.

*F. N. Chandler,* for the defendant.

*I. W. Sargent,* for the plaintiffs.

PIERCE, J. These are three independent actions of contract to recover for work, labor and material furnished or performed at different intervals of time, on a building occupied by a business corporation, the Wonderland Amusement Company. The cases were tried together and submitted to a jury under an instruction "to decide each case upon the particular testimony introduced with reference to that case."

There is no question made by the defendant but "that if the plaintiff is entitled to recover in any of these cases he is entitled to recover that amount which the papers in that particular case disclose as the amount which the plaintiff claims." At the close of the evidence the defendant, in each case, requested the judge to direct a verdict for the defendant. In each case, also, the defendant in substance requested the judge to instruct the jury that the plaintiff could not recover because of the statute of frauds, and "That it was the duty of the plaintiffs in the absence of any express statement on the part of the defendant Dove, to ascertain at their peril the person or persons to whom credit for the work to be performed was to be given, and that their thought, without actual investigation upon their part, that the defendant was responsible, does not make him so." In the case of Ephraim A. Peabody and another the defendant requested the judge to rule: "That, upon the testimony of the plaintiffs' witness O'Connell, the plaintiffs having been notified before the completion of the work that the Wonderland Amusement Company was properly liable for the bill, if they elected to go on with the work after that, as they did, they then waived any rights against the de-

fendant, if they ever had any." The judge declined to give any of the rulings requested, and the defendant excepted. No exceptions were taken to the charge which covered fully every contention of the parties. The jury found for the plaintiffs in each action.

In substance, but in varied phrases, the jury repeatedly were instructed that the plaintiffs in any of the cases could not recover upon the theory that the corporation was really indebted to them and that the defendant promised and undertook to pay, in the event the corporation should not pay, the amount which the corporation was obligated to pay; and that the plaintiffs in each action could recover only upon the theory that the defendant did, in the first instance, agree to pay, that he directly obligated himself to pay, and that his obligation is not that of a guarantor, but of an original promisor. These instructions were in accord with the principles of law governing the application of the statute of frauds, R. L. 74, § 1, cl. 2, applied by this court in similar cases. *Swift* v. *Pierce*, 13 Allen, 136. *Bugbee* v. *Kendricken*, 130 Mass. 437. *O'Connell* v. *Mount Holyoke College*, 174 Mass. 511. *Barker* v. *Thayer*, 217 Mass. 13. *Ribock* v. *Canner*, 218 Mass. 5. While the work was performed and furnished upon the building of another, the evidence warranted the jury in finding, and we are bound to assume they did find, that no one of the plaintiffs gave any credit to the corporation or to any other person whose obligation to them the defendant undertook to discharge if the corporation, or that person, did not perform its contract.

This disposes of the defence of the statute of frauds, and leaves as the principal remaining question the issue whether there was any substantial evidence to warrant the jury in finding a contract was entered into between these plaintiffs, or any of them, and the defendant.

The evidence in the action of James H. Bride and another, considered apart from the testimony in the other cases, was not sufficient to warrant its submission to the jury. Before the work was performed and the material furnished upon the building of the corporation, neither Bride, nor any one representing him in connection with the work for which he seeks to hold the defendant, ever saw or talked with the defendant in relation to the work, or had any talk or communication with any person who, on the

record, had a real or apparent authority to speak for the defendant, much less to charge him for work and material which was to be delivered to a corporation in which the defendant was a minority stockholder and held no office. The statement of Dove after the work was completed that "he would see that the bill was paid," was not a new and independent agreement between Bride and the defendant; and it was not supported by any valuable consideration, if it were such an agreement. *Conant* v. *Evans,* 202 Mass. 34. The fact, if it be a fact, that Dove carried on business under the cloak of a corporate name, is immaterial upon this issue.

In the case of Charles I. Alexander and others the jury would be warranted in finding that Dove undertook to be personally responsible for the work which the Alexanders were about to perform from the statement which the jury could find Dove made to Alexander, seeking the job, in these words: "I am not in on this thing now, but I have got some money coming to me and I am going to put some money into it, and if you consider my word worth anything to you, you can go ahead and do the job, and you will get your money," when the above statement was considered in connection with the statement which the jury could find Dove made, when asked to pay after the work was done, "that he considered the bill a personal obligation and would pay it himself if the company did n't." The question is close, but it could not have been ruled as a matter of law that there was no evidence to warrant a submission of that issue of fact to the jury.

In the case of Ephraim A. Peabody and another there is an abundance of evidence to warrant the submission of that issue to the jury. The jury could find that the plaintiffs talked with Dove and another in reference to the work; that they went to the place where the work was to be done; that Dove told the plaintiffs what was to be done; that they saw Dove as the work progressed, — talked with him about it; that he "gave directions as to how the work should be done;" and "that Dove thought cost plus on an alteration job was the best way to do the work, and all agreed."

It is plain the judge rightly could not have instructed the jury that the plaintiffs Peabody, as matter of law, waived any right against the defendant, if notified before the completion of the work that the Wonderland Amusement Company was properly liable for the bill, if they elected to go on with the work after that.

*Swift* v. *Pierce, supra. Holmes* v. *Hunt,* 122 Mass. 505. *Bugbee* v. *Kendricken,* 132 Mass. 349. *Cushman* v. *Snow,* 186 Mass. 169, 175. The jury were instructed in this regard: "Now, of course, if at that time the Peabodys had begun to look to the Wonderland Amusement Company as their debtor, and from that point on looked to the Wonderland Amusement Company, and not to Mr. Dove, why, then the plaintiffs in the . . . Peabody case could not recover from the time when they began to do work which they were doing for the Wonderland Amusement Company up to the time when they finished their work." This was sufficiently favorable for the defendant.

It follows that in the case of Bride the exceptions must be sustained. No reversible error appearing, it follows that in the cases of Alexander and of Peabody the entry must be, exceptions overruled.

*So ordered.*