GUIDO ZILLI *vs.* ABRAHAM I. ROME & another.

Worcester.    November 7, 1921. — February 28, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Agency*, Existence of relation. *Contract*, What constitutes. *Evidence*, Of agency, Presumptions and burden of proof, Negative evidence. *Practice, Civil*, Action of contract against several defendants.

At the trial of an action against two defendants, brothers, for the breach of an alleged contract by the defendants to sell a certain parcel of real estate to the plaintiff, it appeared that the agreement was made with the plaintiff by a broker purporting to act for both defendants and that a memorandum in writing sufficient in form to bind both defendants was executed by the broker. At the time of the making of the agreement, the title to the parcel stood in the name of one of the defendants who was in South America, and the broker never had seen him and had received no communication from him. Whatever authority the broker had came from the second defendant, who testified that he had no authority from his brother to sell the parcel. There was evidence that the second defendant had some equitable interest in the property, and that he placed it in the hands of the broker for sale and, after meeting the plaintiff with the broker, directed the broker to close the bargain and to receive a payment, which the broker did, signing the memorandum upon which the plaintiff relied. There was no evidence tending to show that the acts and conduct of the second defendant were brought to the knowledge of the first defendant. There was evidence of an earlier sale by the broker of property standing in the name of the first defendant. Testimony of the broker that he signed the memorandum as agent for both defendants was excluded. A verdict for both defendants was ordered. Upon exceptions by the plaintiff it was *held*, that

(1) There was no evidence warranting a finding that the broker was authorized to act for the first defendant;

(2) Disbelief of the testimony of the second defendant denying authorization by his brother did not tend to establish such authorization;

(3) Testimony by the broker that he acted as agent for both defendants rightly was excluded;

(4) The sale of the earlier lot of land by the broker, standing alone, did not tend to establish general authority or agency to make the sale in question;

(5) A verdict for the first defendant rightly was ordered;

(6) There was evidence tending to show that the broker had authority to act for the second defendant;

(7) Under G. L. c. 235, § 6, a verdict should not have been ordered for the second defendant;

(8) The plaintiff's exceptions must be sustained.

CONTRACT for breach of an agreement to convey real estate to the plaintiff alleged to have been made by the defendants "by their duly authorized agent, Shea Realty Company," to whom, the plaintiff alleged, he paid $150 and received the memorandum in writing set out below. Writ dated May 26, 1920.

The memorandum in writing relied on by the plaintiff was as follows:

"Fitchburg, Mass., March 12th, 1920.

Received from Guido Zilli, of Fitchburg, $150.00 dollars as part payment and to bind the bargain for the land with all buildings thereon, located on Fairmount, Clarendon and Plymouth streets in Fitchburg and measuring 55 feet on Fairmount St. 200 feet on Clarendon St. and 105½ feet on Plymouth Street, Containing 16,053 sq. feet of land assessed value of land and buildings $14,050.00 and being the real estate owned by A. I. Rome and Philip Rome (brothers). Price of property $14,700.00 cash. A good and sufficient Deed to be delivered free of all encumbrances on payment of balance of purchase price Deeds to be passed as soon as possible and time is allowed to have Deeds sent to South America to get signature. It is agreed to have Guido Zilli enter upon and take possession of this property on April 1st, 1920, and collect rents and take control of this property. This property is being sold subject to the taxes assessed April 1st, 1920. It is agreed that there be no Leases on this property and understood that the tenants are tenants at will. Should we be unable to deliver this property as per the above we reserve the right to pay back to Guido Zilli the money paid this day to bind the bargain.

[Signed] Shea Realty Co.

By John J. Shea, Pres."

In the Superior Court the action was tried before *Hall,* J. Material evidence is described in the opinion. At the close of the evidence, the judge, on motion of the defendants, ordered a verdict for the defendants; and the plaintiff alleged exceptions.

G. L. c. 235, § 6, reads as follows: "In an action against two or more defendants upon a contract express or implied, the plaintiff shall be entitled to judgment against such defendants as are defaulted and against those who upon trial are found liable, although it is found that all the defendants are not jointly liable."

The case was submitted on briefs.

*C. T. Flynn*, for the plaintiff.

*J. A. Stiles & A. Z. Goodfellow*, for the defendant.

DE COURCY, J. The plaintiff seeks in this action to recover damages for the breach of an agreement to convey a lot of land on Fairmount, Clarendon and Plymouth streets in the city of Fitchburg. The trial judge excluded the written agreement of sale made by a broker, the Shea Realty Company, and directed a verdict for the defendants.

On the evidence presented the defendant Philip Rome would not be bound by this agreement, even if admitted. He was in South America; and the broker had not seen him nor received any communication from him with reference to the sale of this land. Whatever authority Shea had came from the defendant Abraham I. Rome. While there was evidence tending to show that Abraham purported to be acting for his brother Philip as well as for himself, and the jury could disbelieve the testimony of Abraham to the effect that he was not authorized to sell this parcel, nevertheless not enough was shown to bind Philip. There was no direct evidence that he authorized Abraham to act as his general agent to sell his real estate in Fitchburg. Nor did it appear that the declarations and conduct of Abraham, purporting to act as such agent, were brought home to Philip. The offer to show by the broker that he signed the agreement as agent for both defendants, was rightly excluded. His agency was denied, and could not be established by his own declarations. *Ennis* v. *Wright*, 217 Mass. 40.

The earlier sale of a lot to one Maloney, standing alone, did not establish either general agency or authority to make the sale in question. See *Cook* v. *Baldwin*, 120 Mass. 317; *Rice* v. *James*, 193 Mass. 458. Accordingly there was no error in directing a verdict for the defendant Philip Rome. *Rolfe* v. *Tufts*, 216 Mass. 563. *Newburyport Institution for Savings* v. *Brookline*, 220 Mass. 300.

Under G. L. c. 235, § 6, the plaintiff had a right to go to the jury if there was evidence warranting a verdict against either of the defendants. *Taft* v. *Church*, 162 Mass. 527. The written agreement was admissible as against the defendant Abraham I. Rome; and was a sufficient memorandum under the statute of frauds. On the evidence it could be found that he placed the real estate in question in the hands of the Shea Realty Company for sale; that he met the plaintiff in the broker's office, and later told Shea to close the bargain, get a payment from the plaintiff, and prepare the deed; that Shea did complete the trade, accepted payment of $150, and gave the defendant Abraham a copy of said memorandum of sale. It was not essential for the plaintiff to show that Abraham was the real owner of the land standing in his brother's name; yet there was evidence tending to show that equitably he was at least a part owner. Even if he was only an agent, he could bind himself personally. There was ample testimony that he employed the broker to find a purchaser for the Fairmount Street property, and authorized the sale to the plaintiff. Without reciting the evidence as to his dealings with this and other property that "was in his brother's name," and his admissions as a witness, such as that "Shea had charge of selling it if he could get a fair price for it," we are of opinion that the plaintiff had a right to go to the jury as against the defendant Abraham I. Rome. *Worthington* v. *Cowles*, 112 Mass. 30. *Monk* v. *Parker*, 180 Mass. 246. *Johnstone* v. *Cochrane*, 231 Mass. 472.

*Exceptions sustained.*