SEARS BOSTON EMPLOYEES FEDERAL CREDIT UNION *vs.* RAYMOND L. CUMMINGS.

Suffolk. October 9, 1947. — December 2, 1947.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Contract*, What constitutes, To pay obligation of another.

Statements in a letter written to a creditor of a third person, that the writer was attempting to settle a claim of the debtor for personal injuries and that if it were settled the debt "will be paid at that time," did not show any promise to the creditor that the writer personally would pay the debt.

CONTRACT. Writ in the Superior Court dated October 16, 1946.

A demurrer was heard by *O'Connell*, J.

In this court the case was submitted on briefs.

*J. S. Ellis*, for the plaintiff.

*R. L. Cummings*, pro se.

LUMMUS, J.   This is an appeal by the plaintiff from an order of the Superior Court sustaining a demurrer to the declaration. G. L. (Ter. Ed.) c. 231, § 96. *Morgan* v. *Republican Publishing Co.* 249 Mass. 388, 391. *Keljikian* v. *Star Brewing Co.* 303 Mass. 53.

The declaration alleged that "one Francis J. Buckley and one Martha B. Utley were indebted to the plaintiff jointly and severally in the sum of $221.52 and the plaintiff was about to commence legal action to recover the same and that on or about July 31, 1944, for a valuable consideration the defendant agreed with the plaintiff to pay the said debt to the plaintiff on the condition that certain funds would be received by the defendant due [to] either or both said Buckley and Utley, that said agreement of the defendant or memorandum or note thereof is in writing and signed by the defendant or by some person thereunto by him lawfully authorized, that the condition aforesaid has been fulfilled and the defendant did receive the funds due as aforesaid, that the plaintiff has complied with all the terms and conditions imposed on it by said agreement and the defendant has failed and refused to the date of the commencement of this action to perform the obligations imposed upon him by said agreement although the plaintiff has made due demand."

The agreement declared on was "a special promise to answer for the debt, default or misdoings of another," and the action cannot be maintained "Unless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized." G. L. (Ter. Ed.) c. 259, § 1.

By order of the Superior Court, a letter signed by the defendant and sent to the treasurer of the plaintiff was made part of the record before the filing of any demurrer. G. L. (Ter. Ed.) c. 231, § 7, Eleventh. *Cooke* v. *Graham's Administrator*, 3 Cranch. 229. *Bogart* v. *Hinds*, 25 Fed. Rep. 484. *Western Springs* v. *Collins*, 98 Fed. Rep. 933. *Knott* v. *Burleson*, 2 Iowa, 600.   In it the defendant said, "I am attempting to adjust an automobile case for Mr. Buckley,

resulting from his being seriously injured a year ago this month. If I am successful in settling this matter the balance due on this note will be paid at that time. If I am not successful, Mrs. Utley will doubtless be called upon to pay it. I would suggest that you allow the matter to remain in status [*sic*] quo for a short period to determine whether or not I can effect a settlement." One of the causes assigned for the demurrer was that the matters contained in the declaration are insufficient in law to enable the plaintiff to maintain its action.

The only possible promise or memorandum thereof in writing, shown by the record, was that part of the foregoing letter wherein the defendant said, "If I am successful in settling this matter the balance due on this note will be paid at that time." The letter did not state by whom the balance would be paid. For all that was said, the balance was to be paid by Buckley, who owed it. If the letter be construed to mean that the defendant agreed that Buckley would pay, the letter would not support the allegation in the declaration that the defendant "agreed with the plaintiff to pay." But we find in the letter no promise by the defendant personally to pay the debt. He merely stated that in a certain contingency the debt would be paid. His words were words of prophecy, not of promise.

*Order sustaining demurrer affirmed.*
*Judgment for the defendant.*