*Municipal Court of the City of Boston*
No. 79962

# WERNER CONSTRUCTION CO., INC.

### v.

# DORCHESTER SAVINGS BANK

Argued: Oct. 23, 1970 - Decided: Nov. 4, 1970

*Present:* Adlow, C.J., Morrissey, J., Gorrasi, Spec. J.

Case tried to *Glynn, J.*

**Adlow, C.J.** Action of contract for money had and received. At some time in 1956 the Dorchester 'Savings Bank, hereinafter referred to as the Bank, entered into a construction loan agreement with the Pleasant Hill Baptist Church, hereinafter referred to as the Church. Pursuant to the purposes of this agreement the Church entered into an agreement for the performance of the proposed work with the Werner Construction Co., Inc., hereinafter referred to as the Coneractor. While it is not material to the issue raised by this report, it is interesting to observe that the work under this agreement commenced about September 12, 1956. Sometime in December of 1957 a representative of the Contractor and a representative of the Church went to the office of the

Bank and the status of the account between the parties was ascertained.

With respect to the above meeting there was evidence that a memorandum was drawn up at this time which set forth the following:

| | | |
|---|---|---|
| September 12, 1956 | — | $10,000.00 |
| September 12, 1957 | — | 2,689.06 |
| October 8, 1957 | — | 1,000.00 |
| October 30, 1957 | — | 1,000.00 |
| December 14, 1957 | — | 2,500.00 |
| Balance due ................ | | 810.94 |

Held by Dorchester Savings Bank for Werner Construction Company.

(Signed) E. A. Craig, Treas.

*There was evidence that* when Craig, the Treasurer of the Bank, signed the above document he stated that if the Contractor would complete the work the Bank would pay over the balance that it still held on account of the construction loan. The plaintiff offered evidence that the work was finished. The Bank offered evidence that the money due on account of the construction loan was turned over to the Pleasant Hill Baptist Church.

On this evidence the plaintiff requested the court to rule that the evidence required a finding for the plaintiff. The court refused to so rule and found for the defendant, and in so finding ruled that the memorandum drawn between the parties did not constitute an agreement to pay the sum of $810.94. To the refusal of the

court to find as requested, and to the ruling of the court that the paper signed by the Treasurer of the Bank did not constitute an agreement, the plaintiff claims to be aggrieved, and brings this report.

There was no error. In the absence of any evidence that the work, for which the Contractor claims, was done at the Bank's request for its benefit, whatever undertaking it made was in the nature of an agreement to pay the debt of another. Such an agreement comes clearly within the terms of the Statute of Frauds and must be in writing. General Laws, c. 259, § 1 (2) *Manley* v. *Geagan*, 105 Mass. 445. *Miles* v. *Driscoll*, 201 Mass. 318. While the form which this writing must take is immaterial, it is a prerequisite to enforceability that all the essential terms and conditions of the bargain must appear in the memorandum. *Boardman* v. *Spooner,* 13 Allen 353. *Hurley* v. *Brown*, 98 Mass. 545.

In the cause under review the memorandum merely states that the sum of $810.94 is held by the Dorchester Savings Bank for the Werner Construction Co. According to the report, oral evidence at the trial indicated that when the treasurer of the defendant Bank signed this memorandum he stated that if the plaintiff would complete the work performed the defendant would pay over to it the balance in the hands of the Bank.

Nothing in the report discloses the arrangements between the Church and the Bank, or be-

tween the Church and the Contractor. In the absence of a direct contract between the Bank and the Contractor it must be assumed that the usual procedure was followed, and that payments were made by the Bank on the basis of authorized payments to the Contractor. Such authorizations must have come from the Church or from some architect designated by it. There is no evidence that any such authorization was given with respect to the balance in the hands of the Bank.

Nothing appears in the so-called memorandum, on which the contractor relies, to provide any basis for a legally valid claim. Unless the memorandum specifically states the terms under which the Bank undertook to turn the money over to the Contractor, the document on which the Contractor relies fails to meet the requirements prescribed by our decisions. We are not unmindful of the fact that not all the essential terms need be noted in a single document, but may be spread over several. *Clark* v. *Olejnik*, 240 Mass. 215. *Burgess* v. *Cox*, (1951) (Eng.) Chan. Div., 387, 388. But the memorandum in issue makes no reference to any other documents. Standing by itself, it makes no mention of the details of any agreements or arrangements between the parties. In fact, in the absence of oral explanation it is impossible to discover in its contents the elements of an enforceable agreement. *Epdee Corporation* v. *Richmond*, 321 Mass. 673. Counsel for the Con-

tractor has argued that the court in ruling that there was no contract disposed of the matter as a question of fact when it was really a question of law. Assuming this to be the case, had the question been posed to the court as a question of law it would not affect the outcome. The court could not do otherwise. *Atwood* v. *Boston,* 310 Mass. 70, 75. *Ginsburg* v. *C. O. Kepner Leather Co.,* 317 Mass. 581. Whether there was a contract was a question of law for the court to determine. On the undisputed facts, even if the court found, as the contractor contended, that he had finished the work, failure of the memorandum to satisfy the requirements of the Statute of Frauds denied the contractor any right to recover.

**There was no error. Report dismissed.**

HENRY A. GOODMAN
  of Boston for the Plaintiff.
YOUNG & CARNEY
  of Boston for the Defendant.

### REPORTER'S NOTE

See: *James J. Derba, Inc.* v. *Hamilton Service,* 355 Mass 127 (Memorandum was sufficient). *Sears Boston Employees Credit Union* v. *Cummings,* 322 Mass. 81.