## CHARLES H. DEAN *vs.* JOHN TALLMAN.

It was agreed between A. and B. that B. would see that all goods bought of A. from time to time by C. were paid for, and that the goods should be charged to C. but sold on B.'s credit. *Held*, that the statute of frauds was no defence to an action by A. against B. for the price of goods delivered to C. under this agreement.

CONTRACT to recover the price of goods delivered to Mary Bush.

At the trial in the superior court, before *Pitman*, J., the plaintiff testified that " before the delivery of any of the goods the defendant came to the plaintiff's shop, and said he would like to purchase some goods on account, and wanted them charged to Mary Bush, and whatever she purchased from time to time he would see were paid for; that the plaintiff assented; and that on the same day Mary Bush began to purchase goods, and at various times between September 29, 1863, and June 7, 1865, the plaintiff sold and delivered to her two hundred and ninety-one articles, amounting to $490." The defendant denied that he made any such agreement or contract; and other evidence was introduced on each side.

The defendant asked the judge to rule that the contract " was within the statute of frauds, being a contract for the sale of goods of $50 or more in value, and also an agreement not to be performed within one year from its making : and that there was no evidence of any acceptance or receipt of the goods by the defendant to take the case out of the statute." But the judge refused so to rule, and instructed the jury that " if this was an original and not a collateral undertaking on the part of the defendant, that is to say, if it was the understanding and agreement of the parties that these goods were sold on the credit of the defendant, who was the only debtor, and were delivered to Mary Bush from time to time under an original contract with the defendant and on his authority given, then the defendant would be liable." The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. Brown*, for the defendant.

*J. C. Blaisdell*, for the plaintiff, was not called upon.

GRAY, J. The defendant's promise was not within the statute of frauds.

1. It was not a promise to pay the debt of Mary Bush, for the jury have found that no credit was ever given to her, and that question was rightly submitted to the jury. *Swift* v. *Pierce*, 13 Allen, 136.

2. It was not a promise not to be performed within a year, for it might have been performed within that time. *Roberts* v. *Rockbottom Co.* 7 Met. 46. *Doyle* v. *Dixon*, 97 Mass. 208.

3. It was taken out of the clause relating to the sale of goods, by the delivery of the goods to and acceptance of them by the person to whom the defendant directed them to be delivered, and whom he thereby made his agent for that purpose. *Snow* v. *Warner*, 10 Met. 132. *Exceptions overruled.*