MARY L. DOWNS *vs.* EMILY A. PERKIN.

Middlesex.    November 17, 1910. — January 5, 1911.

Present : KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Frauds, Statute of*, Promise to pay debt of another. *New York.*

In an action by one woman against another on an account annexed for board and lodging furnished by the plaintiff to a brother of the defendant upon an alleged promise of the defendant to pay for it, the defense relied upon was that the promise of the defendant was a promise to pay the debt of another under the statute of frauds of the State of New York, where the contract was made. It appeared that the statute of frauds of that State included "a special promise to answer for the debt, default or miscarriage of another person" and that this had been construed by the courts of New York to apply, like the similar provision in R. L. c. 74, § 1, to collateral and not to original promises and undertakings. The plaintiff testified that, before the board and lodging or any part of it was furnished, the defendant said to her "If you will take care of William [the defendant's brother], I will pay you when I can." This was denied by the defendant but was corroborated by other evidence of the plaintiff. The defendant introduced evidence which tended to show that her undertaking was collateral and not original in its nature. The presiding judge submitted the case to the jury, who returned a verdict for the plaintiff. *Held*, that on the conflicting evidence the case rightly was left to the jury.

---

MORTON, J.   This is an action of contract to recover for board and lodging furnished by the plaintiff to one William H. Mellins, the brother of the defendant, upon an alleged original undertaking by the defendant to pay for the same.   The declaration was in two counts, the first being upon an account annexed, and the second for the sum found due upon an alleged accounting together. The presiding judge* ruled that the evidence did not support the second count and the case was submitted to the jury on the first count alone.

At the time of the making of the alleged promise the parties were all residents of the State of New York and the plaintiff still resides there.   The presiding judge ruled that the case was governed by the law of New York.   The defense was that the promise was a promise to pay the debt of another and not in writing and void under the statute of frauds of New York.   The defendant introduced in evidence so much of the statute of frauds of New York as was applicable, and the following decisions by the courts of that State.   *Larson* v. *Wyman*, 14 Wend. 246.   *Payne* v. *Baldwin*, 14 Barb. 570.   *Halsted* v. *Pelletreau*, 91 N. Y. Supp. 927.   *Dixon* v. *Frazee*, 1 E. D. Smith, 32.   At the close of the evidence the defendant asked the judge to rule and instruct the jury that the plaintiff was not entitled to recover on the first count, that the charges on the plaintiff's books, and the accepting by her of payments from the brother were conclusive against her right to recovery, and that by the law of New York the plaintiff was not entitled to recover.   The presiding judge refused to rule as thus requested and submitted the case to the jury under instructions not otherwise objected to.   The jury returned a verdict for the plaintiff, and the case is here on exceptions by the defendant to the refusal of the presiding judge to give the rulings and instructions requested.   It was admitted that the defendant was able to pay.

We think that the rulings requested were rightly refused.   The statute of frauds of New York so far as introduced in evidence is as follows, namely: "Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in

---

* The case was tried before *Bishop*, J.   After his death the exceptions alleged by the defendant were allowed by *Harris*, J.

writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking; . . . 2. Is a special promise to answer for the debt, default or miscarriage of another person."

This is substantially the same as similar provisions in our own statute, (R. L. c. 74, § 1,) and it has been construed by the courts of New York, as the cases introduced in evidence by the defendant show, as applying like our own statute to collateral and not to original promises and undertakings. The question then is whether according to the law of New York the defendant's alleged promise or undertaking should be regarded as an original or as a collateral promise or undertaking. And that, so far as the plaintiff's right to recover is concerned, depends, according to our understanding of the New York cases, on whether, taking the testimony as a whole, there is or is not any evidence which would warrant a finding that the undertaking was an original undertaking. We think it plain that there was such evidence.

The plaintiff testified, amongst other things, that in the course of a conversation about her brother the defendant said to her, " If you will take care of William [the defendant's brother], I will pay you when I can." This was said, according to the plaintiff's testimony, before the board and lodging or any part of it was furnished. It was denied by the defendant, but it could have been found that the circumstances under which it was testified to have been said and the situation of the brother corroborated the plaintiff. The plaintiff also testified to subsequent conversations with the defendant of a confirmatory nature. On the other hand there was evidence tending to show that the account which the plaintiff kept was charged to the brother and that it was entirely separate from an account which was charged to the defendant for board and lodging furnished to her during the first part of the time covered by the account against the brother. There was also other evidence, such as payments on account by the brother and a conversation which he had with the plaintiff's husband, who was her agent, and a conversation between the plaintiff's bookkeeper and the defendant, which the defendant contended showed that her undertaking was collateral and not original in its nature.

The case was not one where there was practically no dispute

as to the material facts and the question became therefore one of law, but the facts were themselves in dispute and the case was therefore rightly left to the jury. No exceptions were taken to the instructions except so far as they were inconsistent with the rulings requested, and the instructions must therefore be deemed to have been correct and such as the case called for.

*Exceptions overruled.*

*G. M. Poland*, for the defendant.
*P. B. Kiernan*, for the plaintiff.