HAMMOND COAL COMPANY, INC. *vs.* ELISHA S. LEWIS.

Worcester.    March 12, 1924. — April 9, 1924.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, & CARROLL, JJ.

*Contract,* What constitutes, Construction.

At the trial of an action by a corporation upon an account annexed for a balance alleged to be due for coal furnished to the defendant by the plaintiff, there was evidence tending to show that the plaintiff had been shipping coal to a corporation in which the defendant was interested; that the plaintiff's treasurer had given orders to ship no more coal to the corporation and thereupon the defendant had told an officer of the plaintiff that he, the defendant, had a large amount of money invested in the corporation to which the coal was being furnished, that it required coal and " he himself agreed to pay for the coal; " that " he was personally obligating himself to pay for the coal to keep the laundry going so he wouldn't lose; " that the defendant asked to have the " coal carried on the books delivered to the " corporation in which he was interested " that he might be able to show if necessary later that he furnished the coal with his own money."  *Held,* that

(1) There was evidence tending to show that the defendant's promise was original and was not a promise to answer for the debt of another;

(2) The contract being oral and the facts being in dispute, the language used and the meaning to be given to it were questions of fact for the jury;

(3) The statute of frauds was not a defence even if the merchandise was delivered to the defendant's corporation at his request;

(4) The fact that the coal was charged to the defendant's corporation on the plaintiff's books was not, in view of all the evidence, as a matter of law conclusive against the plaintiff's right to recover upon the defendant's promise.

CONTRACT upon an account annexed for $503.86. Writ in the Central District Court of Worcester dated July 24, 1920.

On appeal to the Superior Court, the action was tried before *Burns,* J. Material evidence is described in the opinion. At the close of the evidence, on motion by the defendant, the trial judge ordered a verdict for the defendant " on condition that," if the ordering of the verdict was wrong, " judgment was to be entered for the plaintiff for the amount claimed in its declaration with interest from the date of the writ." The plaintiff alleged exceptions.

The case was submitted on briefs.

*C. E. Tupper,* for the plaintiff.

*F. P. Ryan,* for the defendant.

CARROLL, J. The plaintiff delivered coal to the Gumbleton Laundry Company to the amount of $496.25. The plaintiff contends that the coal was bought on the credit of the defendant, delivered to the laundry company, and charged to it on the plaintiff's books at the defendant's request. The defendant relies on the statute of frauds. He contends that credit was given to the laundry company; and that whatever promise he made was collateral.

One Alden, the plaintiff's treasurer and president, testified that at some time after he had given directions " to ship no more coal " to the laundry company, the defendant told him that he (the defendant) had a large amount of money invested in the Gumbleton Laundry Company; that it required coal and " he himself, agreed to pay for the coal;" that " he was personally obligating himself to pay for the coal to keep the laundry going so he wouldn't lose; " that coal was delivered to the laundry company in reliance on the defendant's promise. Alden also testified that the defendant asked to have " the coal carried on the books delivered to the Gumbleton Laundry Company that he might be able to show if necessary later that he furnished the coal with his own money." This evidence was contradicted, and the jury could have found that the defendant's promise was collateral. There was, however, some evidence tending to prove that the defendant's promise was original, and the case should have been submitted to the jury.

The contract was oral; the facts were in dispute; the language used and the meaning to be given it, were questions of fact for the jury. " The construction of the words used is for the court . . . where an oral contract is distinct in its terms. But where a contract is to be gathered from talk between the parties, and especially from talk on more than one occasion, the question what the contract was, if controverted, must usually be tried by the jury as a question of fact." *Gassett* v. *Glazier,* 165 Mass. 473, 480. *Waldstein* v. *Dooskin,* 220 Mass. 232. *Orr* v. *Keith,* 245 Mass. 35. This principle has been applied in cases similar to the one at bar. *Heywood* v. *Stiles,* 124 Mass. 275. *Barrett* v. *McHugh,* 128 Mass. 165. *Downs* v. *Perkin,* 207 Mass. 409.

It is well settled that where credit is given solely to the promisor he is bound upon his oral promise; and the statute of frauds is not a defence even though the merchandise was delivered to a third person at the request of the promisor. *Dean* v. *Tallman,* 105 Mass. 443. *Alexander* v. *Dove,* 231 Mass. 362. See *Hill* v. *Grat,* 247 Mass. 25. The fact that the coal was charged to the laundry company on the plaintiff's books was not, in view of all the evidence, conclusive against the plaintiff's right to recover upon the defendant's promise. *Swift* v. *Pierce,* 13 Allen, 136. *Dean* v. *Tallman,* supra. *Downs* v. *Perkin,* supra.

There was evidence tending to show that the promise of the defendant was not collateral or conditional, but was an original promise made by him; a verdict, therefore, could not properly be directed for the defendant. It becomes unnecessary to consider whether the defendant, because of his interest in the laundry company, would be liable on the ground of the direct benefit to him, within the rule explained in *Paul* v. *Wilbur,* 189 Mass. 48. See as bearing on this point, *Carleton* v. *Floyd, Rounds & Co.* 192 Mass. 204.

Judgment to be entered for the plaintiff for the amount claimed in its declaration with interest from the date of the writ.

*So ordered.*