Pettingell, J.
Action of contract to recover rent. The plaintiff had as tenant the defendant’s mother, whose rent, in December, 1930, was four months in arrears. At that time the defendant, on being informed that the plaintiff would have to have either the rent due or a surrender of the premises, said to the defendant, “You have been very kind to my mother. I now have a job and I will pay the hack rent and I will guarantee to pay the rent from then on”. The tenancy continued until April, 1931, when the defendant and his mother moved out, neither of them having paid any rent after the defendant’s conversation with the plaintiff.
The defendant pleaded the statute of frauds. There was a finding for the plaintiff. The report states that it contains all the material evidence.
*294 There is no evidence in the report from which it could have been found that the plaintiff released the defendant’s mother from all liability and accepted the defendant as debtor in her place. Such a novation would have created a new contract not within the statute. Alger v. Scoville, 1 Gray 391, at 394, 395; Wood v. Corcoran, 1 Allen 405, at 406; Walker v. Penniman, 8 Gray 233, at 235; Furbish v. Goodnow, 98 Mass. 296, at 298; Stotnick v. Smith, 252 Mass. 303 at 306. Without such a novation, the original debt continues and the promise is within the Statute of Frauds. Ribock v. Canner, 218 Mass. 5, at 7.
Nor was there any evidence which would have justified a finding that the defendant acquired by purchase any right from the plaintiff. The defendant’s promise appears to have been wholly voluntary, lacking even a consideration, as there was nothing moving to him from the plaintiff in the form of a promise not to evict the mother or to do, or not to do, any other act. Even if there were such a consideration, it would not take the ease out of the statute. “Consideration is required by general principles of contract, and the statute of frauds would add nothing to the law if the statute should be satisfied as soon as consideration is shown. * * * * Even consideration which is not only a detriment to the promisee but a benefit to the promisor, is not enough to take a case out of the statute”. Colpitts v. L. C. Fisher Co., 289 Mass. 232, at 234, 235.
There must, therefore, be something more than consideration. “The rule to be derived from the decisions seems to be thus; that cases are not to be considered as coming within the statute where the party promising has for his object a benefit which he did not before enjoy, accruing immediately to himself, but when the object of the promisee is to obtain the release of the person or property of the debtor, or other forbearance or benefit to him it is within the statute”. Nelson v. Boynton, 3 Met. 396.
*295 “We think the authorities in this state have gone no farther than to decide that a case is not within the statute, where, upon the whole transaction, the fair inference is, that the leading object or purpose and the effect of the transaction was the purchase or acquisition by the promisor from the promisee of some property, lien or benefit which he did not before possess, but which enured to him by reason of his promise, so that the debt for which he is liable may fairly be deemed a debt of his own contracted in such purchase or acquisition.” Ames v. Foster, 106 Mass. 400, at 403.
“It is perfectly well settled that it is not sufficient ground to prevent the operation of the statute of frauds, that the plaintiff has relinquished an advantage or given up some lien or claim in consequence of the defendant’s promise, if that advantage or relinquishment did not also directly enure to the benefit of the defendant. It is only when such relinquishment or surrender operates to transfer to the defendant the right, interest or advantage which the plaintiff gives up, or to create in the defendant some title or benefit derived from that which the other party surrenders, that the promise can be regarded as an original undertaking and not within the statute.” Crowley v. Whittemore, 255 Mass. 99, at 103. Colpitts v. L. C. Fisher Co., 289 Mass. 232, at 235, 236, 237.
In the case at bar the plaintiff gave up nothing, the defendant received nothing. The original liability of the mother was not released or discharged but remained in full effect. The case is clearly within the statute.
The case was one where there is no dispute as to the facts, and the question before the court became one of law. Downs v. Perkins, 207 Mass. 409, at 411, 412. See also, Gassett v. Glazier, 165 Mass. 473, at 480; Waldstein v. Dooskin, 220 Mass. 232, at 235; Hammond Coal Co. Inc. *296 v. Lewis, 248 Mass. 499, at 501; Bresky v. Rosenberg, 256 Mass. 66, at 75; Graves v. Apt, 233 Mass. 587, at 590; Rooney v. McLeod, 243 Mass. 183, at 187, 188.
In this state of the case it was prejudicial error to deny the defendant’s request 1 B to the effect that “The promise of the defendant is to pay the debt of another.”
The finding for the plaintiff is to be vacated and judgment is to be entered for the defendant.