Estes, P. J.
This is an action of contract to recover one half of a fee paid by the plaintiff to a counsel for services rendered in a criminal case in behalf of a son of the plaintiff and a brother of the defendant. The fee was paid after the counsel had obtained judgment against the plaintiff in this action.
The answer is general denial, and that the ‘ ‘ claim is based upon an agreement to pay the debt of another and neither the agreement itself nor any memorandum thereof was in writing signed by the defendant and is therefore unenforceable”.
The Court made the following Findings of Facts:
‘ ‘I further find that the plaintiff’s son and one James Aiello, a brother of the defendants, were indicted by the Norfolk Superior Court; that following the indictment the plaintiff and the defendant Joseph Aiello agreed to engage counsel to defend the said defendants in the original proceedings; that it was further agreed that the plaintiff engage counsel for such defense and pay all fees, and that the defendant, Joseph Aiello, would reimburse the plaintiff for one half of the costs of such defense; that the plaintiff engaged counsel *295 and paid him therefor, and that there is now due and owing the plaintiff under said agreement the sum of one hundred sixty-six and 30/100 dollars, together with interest from the date of the writ.”
The defendant filed five requests for rulings of which 1, 2, 3 and 5 were denied.
The defendant claimed to be aggrieved by the denial of these requests and filed a request for report and draft report. The draft report was allowed on April 16, 1943. Through lack of knowledge of the rules (Rule 31), the defendant did not file copies of the report as allowed, nor a brief within the time required. The brief, with copies, was filed at the time of argument before this Division, but no copies of the report were then available. The defendant asked to be allowed to file them later.
This Division allowed the defendant’s counsel to argue, but reserved its decision as to whether the report would be dismissed for failure to comply with the rules.
We think the report should be dismissed for that reason, but an examination of the record discloses no prejudicial error. The finding, which was in reality an action for contribution, was justified on the evidence, and the requests were properly denied.
The Court could properly find that the agreement was not to pay the debt of another, but that it was an original undertaking of the defendant. Hence, the Statute of Frauds is not a defense. Seder vs. Kozlowski, 304 Mass. 367 at 370, citing Hammond Coal Co., Inc. vs. Lewis, 248 Mass. 499, 501. The order is Report Dismissed.