*Southern District*

**DANIEL SILVA ET AL**
**v.**
**ALBERT NIEMI and CHARLES BARBOZA**
**d-b-a MAPLEWOOD GARAGE**

*Present:* Nash, P. J., Cox & Sgarzi, JJ.

Case tried to *Welch, J.,* in the First District Court of Bristol. No. 233.

*Sgarzi, J.* This is an action for the recovery of damages resulting from certain repairs to an automobile which are alleged to have been made improperly. There are counts in contract and counts in tort. The answer is a general denial.

*There was evidence that* the plaintiff Mary Silva owned a 1958 Chevrolet car which was involved in an accident. She authorized her son Daniel, the other plaintiff to arrange to have the car repaired. He took it to a place known as the Maplewood Garage in Easton where he talked with a man named Barboza and a man named Niemi. Daniel gave Barboza an order to repair the car and talked with him on several occasions with regard to progress of repairs. When the repairs were completed the car was returned and Mary Silva paid the sum of $995. She drove the car to work on the same day and the engine block cracked from freezing as no anti-freeze solution had been put in the engine.

There was also introduced into evidence a business certificate indicating that one Charles Barboza and one Albert Niemi are doing business in the town of Easton as Maplewood Garage. Further testimony on the part of experts disclosed that the cracking of the engine block and failure to properly paint and repair the car resulted in damage to the extent of $796.60.

The defendants offered no evidence and we were not personally present at the trial but Daniel Silva testified that he saw a Mr. Barboza in the Court House.

At the close of the evidence the defendants made several requests for rulings of law the first two of which reading as follows, were denied.

> 1. There being no evidence that the defendants served in the writ are one and the same defendants as are alleged to have wronged the plaintiffs, there must be a finding for the defendants.
>
> 2. The burden of proof of all his material allegations is upon the plaintiff and one material allegation in this case is that the defendants served are the same defendants who committed the acts complained of by the plaintiff. Since the plaintiff has failed to produce any evidence to support this allegation, the finding must be for the defendants.

The court found for the plaintiff Mary Silva in the sum of $796.60. The defendants claiming to be aggrieved by the denial of their first two requests for rulings of law, the questions are reported to this Division for determination. The issue presented is whether

there was sufficient evidence to identify the
defendants as the persons who committed the
wrongs complained of.

The title of this proceeding discloses that
the persons against whom the action was
brought are one Charles Barboza and one
Albert Niemi who are engaged in business
under the name of Maplewood Garage. These
facts are determined in this case as in all civil
cases from the writ which is the foundation
of the action. *Bateman v. Wood,* 297 Mass.
483; *Tyler v. Boot & Shoe Workers Union,*
285 Mass. 54; *Eaton v. Walker,* 244 Mass.
23.

It is not contended here that those persons
were not properly served and were not
properly before the court. We are not deal-
ing here with a special appearance to test the
validity of the writ or the manner in which
it was served. *Union Savings Bank v. Camer-
on,* 319 Mass. 235; *United Drug Co. v.
Cordley & Hayes,* 239 Mass. 334. Nor, as
the defendants contend, is this a case involv-
ing bald identity of name. *Hinds v. Bowen,*
268 Mass. 55.

There was evidence here of other circum-
stances which could be found sufficient to
prove identity of person. *Herman v. Fine,*
314 Mass. 67; *Ayers v. Ratshesky,* 213 Mass.
589.

There was evidence that the plaintiff
Daniel Silva took the car in question to the
Maplewood Garage in Easton where he
talked with a man named Barboza and a man

named Niemi. There was further evidence in the form of a business certificate that Maplewood Garage is a business establishment in the town of Easton operated by Charles Barboza and Albert Niemi. The purpose of the law requiring the filing of such certificate with city and town clerks is well known. *Crompton v. Williams,* 216 Mass. 184.

These facts afford sufficient evidence to warrant the finding of the court and to support a judgment against the specific Charles Barboza and Albert Niemi who are engaged in business under the name Maplewood Garage.

Although the judge made no special findings of fact, his general finding for the plaintiff Mary Silva imports the finding of all subsidiary facts warrantable by the evidence necessary to support it. *Kennedy Bros. v. Bird,* 287 Mass. 477; *Jones v. Clark,* 272 Mass. 146.

There was no prejudicial error in the denial of the defendants' requests and the report is ordered dismissed.

Cortland A. Mabhers for the Defendant.