*Southern District*

**SNAP-ON TOOLS**
v.
**SOUTH SHORE BUICK COMPANY**
and
**JOHN WYNOT and WILLIAM TURNER**

*Present*: Nash, P.J., Cox & Sgarzi

Case tried to *Robinson, J.* in the District Court of East Norfolk (Randolph). No. 14,524.

*Sgarzi, J.* In this action of contract the plaintiff alleges the breach of an oral agreement to purchase certain mechanic's tools delivered by the plaintiff to the defendants for which, the defendants owe the sum of $2202.81. The answers are general denials with a further answer on the part of South Shore Buick Company specifically denying the agreement and setting up the statute of frauds.

*There was evidence at the trial tending to show that* South Shore Buick Company hereinafter called Buick employed three mechanics, the defendants Wynot and Turner and one George Harrison all of whom owned their own tools according to a custom of the trade. At some time, not specifically mentioned in the report, the premises of Buick were broken and entered and all of the tools belonging to the three mechanics, together with some tires belonging to Buick were stolen. One of the mechanics, George Harrison called a representative of the plaintiff from whom he had previously bought tools, informing him of the theft and he came to the premises of Buick to solicit the sale of new tools. When he saw that the amount involved would be quite large he reported the matter to his superiors and several days later he returned with the field

manager of the plaintiff, one Smith, who conferred with one Daley, the secretary-treasurer of Buick. There was talk between Smith and Daley as to how the plaintiff would be paid in the event that they undertook to furnish new tools to the mechanics. Smith told Daley that it was not the policy of the plaintiff to extend credit to individual mechanics for any such sums as were involved in this case and that the plaintiff would have to look to Buick for payment. Daley told Smith that the theft was covered by insurance and that an adjuster had told him that he was going to recommend that the company pay 80% of the loss. He further told Smith that as soon as the insurance money came in he would turn it over to the plaintiff.

Certain tools were required for the immediate use of the mechanics and these were provided by the plaintiff for which Buick gave the plaintiff three checks totalling $202.66 covering the purchases made by each of the three mechanics. Orders were taken *from the mechanics* for the balance of the tools and subsequently delivered *to them.* Smith testified that in accordance with what he was told by Buick, a statement of account was mailed *to each mechanic* in care of South Shore Buick Company every month thereafter.

It later developed that the insurance coverage was considerably less than had been expected and was far from sufficient to pay

for the tools which the plaintiff had delivered to the three mechanics. At this time the two mechanics who are defendants in this action had left the employ of Buick taking their tools with them. The plaintiff obtained from the third mechanic, George Harrison, a conditional sale .contract covering the tools delivered to him and some payments have been made by Harrison to the plaintiff under the contract. Harrison is not a defendant in this suit.

Buick seasonably filed eight requests for rulings of law, seven of which were granted and the second reading as follows, denied:

"2. If the Court finds that the tools were delivered by the plaintiff to the mechanics, then the plaintiff cannot recover from Buick Company".

The judge made special findings of fact in which he found in effect that while it was the general custom in the automobile sales and service trade for mechanics to provide their own tools, the theft of all of the tools created an emergency situation affecting the business activities of Buick so that it had an interest in seeing that the tools were replaced as soon as possible. He further found that Buick, expecting to reimburse itself from the proceeds of an insurance claim, had ordered the tools and became liable for payment to the plaintiff. He accordingly found for the defendants Wynot and Turner and for the plaintiff against Buick in the sum of $2202.81.

The defendant Buick requested a report

claiming to be aggrieved by the denial of its Request for Ruling of Law No. 2 and also because the finding was not consistent with the action of the judge in allowing its other requests for rulings of law.

■ With regard to the alleged inconsistency between the rulings and findings it is enough to say that the remedy is by a motion to correct the inconsistency or a motion for new trial. *Biggs v. Densmore*, 323 Mass. 106; *Godfrey v. Caswell*, 321 Mass. 161; *DiLorenzo v. Atlantic Nat. Bank*, 278 Mass. 321.

■ The real question presented by the report is whether the evidence was sufficient to support the findings of the Court or whether any promise made by Buick was a special promise to answer for the debt of another, and, being oral, was within the statute of frauds. G.L. c. 259, §1.

The mere fact that the tools were delivered to the mechanics rather than to Buick does not mean that the Statute of Frauds applies, if there was an original promise on the part of Buick, based upon sufficient consideration, to pay for them. *Hammond Coal Co. v. Lewis*, 248 Mass. 499; *Dean v. Tallman*, 105 Mass. 443; *Swift v. Pierce*, 13 Allen 136.

There was evidence that the plaintiff would not extend credit to the mechanics and would deliver the tools to them only if Buick

undertook to pay for them, from whatever source the money was to come. As was said in the case of *Swift v. Pierce,* supra, "if no credit was given to the person receiving the goods, then the promisor is himself debtor for goods sold to him and delivered to another person, by his order."

As for consideration, while there was no direct evidence that Buick was faced with an emergency by the theft of the tools the inference could fairly be drawn that its repair business was seriously impaired and the prompt replacement of the mechanic's tools would help to restore its normal operation. This was a sufficient benefit to Buick to support a promise to pay for the tools.

Since we find no prejudicial error, the report should be ordered dismissed.

Richard J. Trifero of Natick, for the Plaintiff.
John W. Wright of Quincy, for the Defendant.