*Southern District*

**PHILIP COHEN, d/b/a
PHIL'S TELEVISION SERVICE**

**v.**

**JOSEPH IMPERIAL, d/b/a JOE'S MARKET**

*Present*: Nash, P. J., Sgarzi & Kalus, JJ.

Case tried to *Robinson, J.* in the District Court of East Norfolk (Quincy). No. 10328.

Argued: ———— Decided: ————

*Sgarzi, J.* This is an action of contract to recover $398.95 for goods sold and delivered, *i.e.* two Remington Air Conditioners and one Olympic clock radio. The defendant's answer was a general denial, an allegation of payment

and a further allegation that if the action was based on the promise to pay the debt of another the promise was not in writing and is therefore unenforceable under the statute of frauds.

The only witness at the trial was the plaintiff. His testimony is summarized in the judge's special findings hereinafter contained. At the conclusion of the evidence the defendant presented five requests for rulings of law, the first three of which were denied. These requests in substance asked the court to rule that the evidence did not *warrant* a finding that the defendant purchased the merchandise from the plaintiff and also that there was no evidence that the defendant and the purchaser of the merchandise are the same person.

*The judge made the following findings of fact*: "This is an action of contract to recover the price of two Remington air conditioners of the total value of $369.00 and one clock radio valued at $29.95. The plaintiff testified that he is in the television sales and service business, that he moved his business into a store in a block of stores in the town of Holbrook in 1958. At that time, Joseph Imperial, who does business in the name of Joe's Market, occupied a store in the same block two or three stores away from the plaintiff. In February, 1959, Imperial's wife came to the plaintiff's store and bought a new clock radio which the plaintiff had on display. He gave her a price of $29.95 and Imperial's wife took the radio with her.

This is the clock radio the price of which is involved in this action. Later, in April or May, 1959, Joseph Imperial asked the plaintiff if he handled air conditioners and the plaintiff told him that he did not but that he might be able to help Joseph Imperial get a break on a price from some appliance dealer. Shortly thereafter a salesman for an air conditioner manufacturer called on the plaintiff and in consequence the plaintiff told Joseph Imperial he had a chance to get two air conditioners at a special discount price which he would be glad to sell for $10.00 each over his cost price. Joseph Imperial ordered the two air conditioners and requested the plaintiff to deliver two air conditioners to a beauty parlor salon which was owned by Imperial's daughter. This the plaintiff did and also, as a favor, helped Imperial install one of the air conditioners, although he suggested that it would be better for Imperial or his daughter to hire an experienced air conditioner serviceman to make the proper installation. The plaintiff has not been paid for either the clock radio acquired by Imperial's wife or the two air conditioners although he has demanded payment from Imperial. This is all of the evidence presented to the Court. No evidence was presented in behalf of Imperial. The prices of the two air conditioners and the clock radio as charged by the plaintiff to Imperial and as set forth in the declaration are not an issue in the case. On the evidence of the plaintiff I find that

the defendant is indebted to him for the total amount claimed. I find the two air conditioners were actually ordered and purchased by Imperial even though they were delivered to the beauty salon operated by Imperial's daughter. As a matter of fact, the plaintiff testified that he met Imperial's daughter for the first time when he delivered the air conditioners to her premises at the direction of Imperial. Some point was made by counsel for the defendant that there was no evidence to prove the identity of the defendant in this action as being the same person to whom the articles were sold and delivered. Also, the sheriff's return on the writ indicates that service of the writ was made to said Joseph Imperial, d/b/a Joe's Market by delivering a copy of the writ in hand. Also, the defendant as named in the writ, through counsel, has not contested identity by any special pleading or dilatory plea."

The evidence clearly warranted the finding that the merchandise was sold directly to Mr. Imperial and that he became personally indebted to the plaintiff for the purchase price. The fact that the plaintiff knew that the air conditioners were to be installed on the premises of Mr. Imperial's daughter did not require the finding that he had made the sale to her.

There is nothing unusual about a purchase of merchandise by one for delivery to another, particularly where the relationship of parent and child exists.

■ The finding that Mr. Imperial had made an original purchase and was not being called upon to answer for the debt of another had ample support in the evidence. *Hammond Coal Co. v. Lewis,* 248 Mass. 499; *Dean v. Tallman,* 105 Mass. 443.

There was no evidence here that the plaintiff had ever extended credit to the daughter of Mr. Imperial or that he had ever recognized anyone other than Mr. Imperial as his vendee. *Swift v. Pierce,* 13 Allen 136; *Downs v. Perkins,* 207 Mass. 409.

■ The contention that the defendant was not sufficiently identified as the Mr. Imperial who made the purchases is also without merit. This was not a case of bald identity of name. There were enough additional facts and circumstances to prove identity of person. *Herman v. Fine,* 314 Mass. 67; *Ryan v. DiPaolo,* 313 Mass. 492; *Hinds v. Bowen,* 268 Mass. 55; *Ayers v. Ratshesky,* 213 Mass. 589. See: *Silva v. Niemi,* 22 Mass. App. Dec. 44.

This action was not brought by the plaintiff against anyone who might bear the name Joseph Imperial but against the particular Joseph Imperial who operated a market near the place of business of the plaintiff under the name of Joe's Market and the officer's return on the writ showed that this Joseph Imperial had service in hand. It was quite clear from the evidence that this was the Joseph Imperial referred to at the trial. *C. v. Ehrlich,* 308 Mass. 498.

We find no prejudicial error in the treatment of the defendant's requests for rulings of law and the report should be dismissed.

Joseph Alter of Boston, for the Plaintiff.

Robert W. Duquet of Braintree, for the Defendant.

*Western District*