*Northern District*

No. 8401

# WALTHAM TRUCK EQUIPMENT CO.
## v.
# MASSACHUSETTS EQUIPMENT CO.

Argued: Jan. 22, 1976. Decided: May 4, 1976.

Case tried to *Sherman, J.,* in the Second District Court of Eastern Middlesex: (Waltham). No. 13842.

Present: Flaschner, P.J.,* Forte, Flynn, J.J.

For Plaintiff: Donald J. MacRae.

For Defendant: Arthur S. Hill.

---

\* Chief Justice Flaschner participated in the hearing and post-hearing conference on this matter but passed away prior to the signing of the opinion.

**Flynn, J.** This is an action of contract to recover $9,200 for defendant's alleged breach of contract to buy twelve used buses from the plaintiff for $2,700 each. Defendant's answer contains a general denial [and other alleged defenses].

The trial justice, after making special findings of fact, found for the defendant.

. At the time of argument before this Division the plaintiff waived its previous objections to the [court's disposition of its requests for] rulings and limited its argument to its being aggrieved by the denial of its motion for a new trial, alleging certain errors in law in the justice's decision. No request for rulings were filed in connection with the motion for a new trial, which was heard and denied. Nor was any request for a report ever filed by the plaintiff in connection with that motion. Thus, there is actually no question of law properly before this Division for determination.

However, rather than summarily dismissing the report on this technical basis, we have examined the grounds alleged by the plaintiff in his motion for a new trial and have come to the conclusion that there was no error and that the report should be dismissed.

The thrust of the plaintiff's argument is that the trial justice committed prejudicial error in determining that there was no oral or written agreement between the parties. We do not subscribe to this contention.

In his decision, the trial justice, on several separate occasions, makes it abundantly clear that he finds no contract or agreement between the parties as a matter of fact. This Division cannot disturb findings of fact made by the trial justice unless the findings, as a matter of law, could not have been made. *Codman v. Beane,* 312, Mass. 570, 573 (1942). *Heil v. McCann,* 360 Mass. 507, 511 (1971).

Nor can we say that the finding was without support in the evidence. The plaintiff contends that a valid oral contract between the parties came into existence on April 9, 1973 when it alleges that the plaintiff agreed to sell outright used buses for $2,700 each and the defendant agreed to buy. However, the trial justice found, as a fact, that Mr. Lumsden, President of the defendant company, was not aware that Mr. Lopez, President of the plaintiff company, was listening in to a telephone conversation on that date between Lumsden and a Mr. Sullivan of International Harvester when it is alleged that the contract was made.

Furthermore, even though Lumsden wrote to Lopez on September 27, 1973 and stated that "we are withdrawing our offer to take any buses in trade from your company" the trial justice found, as a fact, that the trades referred to in this correspondence were trades the defendant had previously represented to General Motors and International Harvester and that, while he found a contract did exist between the defendant and International Harvester, he also found that no such contract existed between the defendant and the plaintiff.

The question of whether or not a contract exists between the parties where there is no written instrument and the evidence is contradictory is a matter of fact and not of law and is for the trial court and not this Division to determine. *Merrill v. Kirkland Construction Company,* 310 N. E. 2nd 106, 108 (1974). *Bresky v. Rosenberg,* 256 Mass. 66, 74-75 (1926). *Gassett v. Glazier,* 165 Mass. 473, 480 (1896).

**Report dismissed.**